IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CONRADO TENORIO; ESTELA J. TENORIO, </br></br>         Plaintiffs, </br></br>    vs. </br></br> FREMONT INVESTMENT AND LOAN; CITY MORTGAGE LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS; DOES 1-100, </br></br>         Defendants. | CIVIL NO. 11-00038 DAE-KSC </br></br> FINDINGS AND RECOMMENDATION TO DISMISS THIS ACTION WITHOUT PREJUDICE |

### FINDINGS AND RECOMMENDATION TO DISMISS THIS ACTION WITHOUT PREJUDICE

Plaintiffs Conrado and Estela Tenorio (collectively "Plaintiffs") commenced this action on January 19, 2011. At the March 7, 2011 Triage Conference, the Court instructed Plaintiffs to properly serve Defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure ("FRCP"). Doc. No. 8.

At the April 18, 2011 Further Triage Conference and Rule 16 Scheduling Conference, the Court again advised Plaintiffs of their obligation to timely serve Defendants. Doc. No. 11.

On May 19, 2011, the Court held a Rule 16 Scheduling Conference.  Plaintiffs failed to appear and could not be reached by the Court.  On May 20, 2011, the Court issued an Order to Show Cause ("OSC") why this action should not be dismissed for failure to serve the Complaint, failure to appear at the Rule 16 Scheduling Conference, and failure to file a Rule 16 Scheduling Conference Statement.  The Court cautioned Plaintiffs that their failure to appear at the OSC hearing would result in a recommendation that the case be dismissed.

Although Plaintiffs had more than one month's notice of the OSC hearing date, they neither responded to the OSC nor appeared at the June 27, 2011 hearing. The Court continued the OSC hearing to July 5, 2011. Plaintiffs again failed to appear.

Courts do not take failures to comply with Court orders lightly.  FRCP 16(f) provides, in pertinent part:  "On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its

attorney: (A) fails to appear at a scheduling or other pretrial conference." Fed. R. Civ. P. 16(f). FRCP 37(b)(2)(A)(v) authorizes the Court to "dismiss[] the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(A)(v).

In addition, FRCP 41(b) authorizes involuntary dismissals for failure "to prosecute or to comply with [the federal] rules or a court order." Fed. R. Civ. P. 41(b). Unless the Court in its order for dismissal otherwise specifies, a dismissal under this rule operates as an adjudication upon the merits. See id.

Here, dismissal is appropriate given Plaintiffs' failure to serve Defendants and/or failure to provide proof of service; failure to file a Scheduling Conference Statement and appear at the Rule 16 Scheduling Conference; and failure to respond to the OSC or appear at the OSC hearings. The Court, after considering the five dismissal factors set forth in Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir.

2002),[1] finds that they weigh in favor of dismissal.

The public interest in expeditious resolution of this litigation and the Court's interest in managing the docket strongly weigh in favor of dismissal. So too does the lack of availability of less drastic alternatives. The Court has repeatedly advised Plaintiffs of their obligation to comply with FRCP 4. Yet there is no evidence that Plaintiffs have served any of the Defendants, and they have not explained their failure, despite being presented with the opportunity to do so. Even the threat of dismissal did not compel a response or appearance. Thus, the Court is left with no choice but to dismiss. The Court believes that an extension of time to serve (or to

---

[1] The Ninth Circuit has delineated five factors a district court must weigh in determining whether to dismiss a case for failure to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan, 291 F.3d at 642.

provide proof of service, assuming Plaintiffs have effected service) would be futile given Plaintiffs' failure to comply with their obligations to date.

Moreover, Defendants will suffer prejudice if this case continues to proceed in their absence. The additional time that passes without service being effected will impair their ability to proceed to trial and interfere with the rightful decision of the case. Id.

The Court concedes that the public policy favoring disposition of cases on their merits weighs against dismissal. However, because four factors favor dismissal, this factor is outweighed.

In accordance with the foregoing, this Court RECOMMENDS that the case be dismissed without prejudice for failure to serve the Complaint, failure to appear at the Rule 16 Scheduling Conference, and failure to file a Rule 16 Scheduling Conference Statement.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, July 6, 2011.



_____
Kevin S.C. Chang
United States Magistrate Judge

TENORIO, ET AL. V. FREMONT INVESTMENT AND LOAN, ET AL.; CIVIL NO. 11-00038 DAE-KSC; FINDINGS AND RECOMMENDATION TO DISMISS THIS ACTION WITHOUT PREJUDICE